## A. N. DERINGER, INC., ET AL. v. UNITED STATES

No. 5845.—Invoices dated Chambly, Canton, Canada, November 6, 1941, etc.
Entered at Highgate Springs and St. Albans, Vt., November 8, 1941, etc.
Entry No. D 144, etc.

(Decided March 30, 1943)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been

submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the instant appeals to reappraisement cover leatherboard or fiberboard imported from Canada.

That the merchandise and the issues involved in the instant appeals are the same in all material respects as the merchandise and issues involved in *F. W. Myers & Co., Inc.* v. *United States*, Reap. Dec. 5726.

That foreign value, as that value is defined in Section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that the appraised value of the leatherboard or fiberboard covered by these appeals, less any additions made by the importer by reason of the Canadian sales tax, represents the foreign value of such merchandise.

It is further stipulated and agreed that the record in Reap. Dec. 5726 be incorporated as a part of the record in the instant appeals to reappraisement.

That the said appeals to reappraisement are abandoned as to all merchandise other than the aforementioned leatherboard or fiberboard, and that the instant appeals to reappraisement are submitted on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the leatherboard or fiberboard here involved, and that such values are the appraised values, less any additions made by the importer by reason of the Canadian sales tax.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.